UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW S.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5662-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1977, has at least four years of college education, and worked in the U.S. Army as a Korean cryptologic linguist. AR 627-28. Plaintiff retired from the U.S. Army in December 2016 and has not worked since. AR 626.

In May 2019, Plaintiff applied for benefits, alleging disability as of December 1, 2016. AR 602-03. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

requested a hearing. AR 528-40, 542-44, 548-49. After the ALJ conducted a hearing in March 2020 (AR 452-510), the ALJ issued a decision finding Plaintiff not disabled. AR 232-51.

The Appeals Council denied Plaintiff's request for review (AR 1-6), and Plaintiff sought judicial review. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. AR 1393-1402. On remand, the ALJ held a hearing in May 2022 (AR 1267-1308), and subsequently issued a decision finding Plaintiff not disabled. AR 1270-97.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity during the adjudicated period running from the alleged onset date of December 1, 2016, through the date last insured (DLI) of December 31, 2021.

**Step two**: Through the DLI, Plaintiff had the following severe impairments: traumatic brain injury, neurocognitive disorder, depressive disorder, and post-traumatic stress disorder (PTSD).

**Step three**: Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Through the DLI, Plaintiff could perform a full range of work at all exertional levels, with the following non-exertional limitations: he could understand, remember, and apply detailed, but not complex, instructions. He could perform predictable tasks. He could not work in a fast-paced production-type environment. He could tolerate occasional exposure to workplace changes. He could occasionally interact with the general public and coworkers.

**Step four**: Through the DLI, Plaintiff could not perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed through the DLI, Plaintiff was not disabled during the adjudicated period.

AR 1270-97.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

The Appeals Council did not assume jurisdiction of the case, and Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing the medical opinion evidence, including the opinion of James Hopfenbeck, M.D.; the lay testimony; and Plaintiff's subjective claims.  The

1  Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial

2  evidence, and should be affirmed.

3        Under regulations applicable to this case, the ALJ is required to articulate the

4  persuasiveness of each medical opinion, specifically with respect to whether the opinions are

5  supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency

6  and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*,

7  32 F.4th 785, 792 (9th Cir. 2022).

8        Dr. Hopfenbeck examined Plaintiff in February 2020 and completed a narrative report

9  and a checkbox form opinion describing Plaintiff's symptoms and workplace limitations. AR

10 1114-40. Dr. Hopfenbeck identified multiple disabling mental limitations and also opined that

11 Plaintiff met Listings 12.04 and 12.15. *Id.*

12       The ALJ found that Dr. Hopfenbeck's opinion was unpersuasive because the extreme

13 limitations he identified are unsupported by the many normal mental status findings as to

14 Plaintiff's appearance, behavior, cooperation, speech, cognition, fund of knowledge, awareness

15 of current events, concentration, and abstraction. AR 1291-92. The ALJ also found Dr.

16 Hopfenbeck's limitations to be inconsistent with the mental status findings of other providers,

17 namely the findings of Plaintiff's normal logic, coherence, orientation, intellectual functioning,

18 calculation, judgment, abstraction, appearance, hygiene, eye contact, expressions, behavior,

19 cooperation, attitude, mood, and affect. *Id*. The ALJ noted that Plaintiff's counseling notes

20 describe Plaintiff's normal functioning in certain areas, which the ALJ also found inconsistent

21 with Dr. Hopfenbeck's opinion. *Id*. (citing AR 2772). Lastly, the ALJ cited Plaintiff's activities

22 as inconsistent with the social and adaptive limitations Dr. Hopfenbeck assessed, specifically

23

1  Plaintiff's ability to care for himself, prepare simple meals, play video games, shop, do laundry,

2  travel, and interact with friends, family, and providers.  AR 1292.

3        Plaintiff argues that the ALJ erred in describing Dr. Hopfenbeck's mental status

4  examination findings as normal because the psychiatrist also described Plaintiff as getting upset

5  when discussing his trauma, becoming tearful at times during the examination, pausing to collect

6  his thoughts, losing track of the conversation, and searching for words, and with depressed mood

7  and mainly restrained affect.  Dkt. 11 at 9 (citing AR 1119).  Plaintiff posits that because Dr.

8  Hopfenbeck identified limitations based on PTSD symptoms, mental status examination findings

9  do not capture the effect of Plaintiff's panic, responses to stress, hostility, and absenteeism.  Dkt.

10 11 at 10.

11       The Court's prior remand order found Plaintiff's argument persuasive, concluding that

12 there is no inconsistency between normal mental status examination findings and the PTSD-

13 based limitations identified by Dr. Hopfenbeck.  *See* AR 1397.  Yet again on remand, the ALJ

14 contrasted mental status examinations with Dr. Hopfenbeck's conclusions.  AR 1292.  As the

15 Court found previously, there is no inconsistency between normal mental status examination

16 findings and the PTSD-based limitations identified by Dr. Hopfenbeck, and thus this part of the

17 ALJ's supportability and consistency findings is not supported by substantial evidence.

18       The ALJ pointed to evidence beyond mental status examination findings that he found

19 inconsistent with Dr. Hopfenbeck's opinion, namely Plaintiff's psychologist's treatment notes as

20 well as Plaintiff's activities, but these lines of reasoning are not supported by substantial

21 evidence, either.  First, Plaintiff's treatment notes document similar limitations as those

22 described by Dr. Hopfenbeck.  For example, Plaintiff reported isolating to the point that his

23 primary form of interaction was with his children (who stayed with him every other weekend),

and he was frequently irritable and anxious in his interactions with them. *See, e.g.*, AR 2772, 2781, 2788, 2791, 2793, 2816, 2821, 2828, 2829, 2835, 2843, 2847, 2850. Plaintiff's psychologist suspected that Plaintiff experienced heightened responses to "normal" tensions due to his conditions. AR 1101, 1108, 2795, 2806, 2829. Plaintiff's psychologist also suspected that Plaintiff's depression led him to feel overwhelmed when trying to complete tasks, and that his anxiety caused him to have difficulty with articulating his experiences. AR 2783, 2784, 2826, 2827. Although, as the ALJ noted (AR 1292), Plaintiff's psychologist could interact with Plaintiff, such interaction is not akin to interaction with co-workers. *See, e.g.*, *Schultz v. Colvin*, 2015 WL 2062383, at *10 (W.D. Wash. May 4, 2015) (rejecting an ALJ's discounting of social limitations based on plaintiff's ability to interact with medical providers, emphasizing "the significant difference in time, demands, and expectations between attending a medical appointment and full-time employment"). Moreover, Plaintiff reported difficulties with managing his self-care and described limited activities of daily living, and thus the treatment notes as a whole do not contradict Dr. Hopfenbeck's opinion and instead corroborate the limitations he identified.

Likewise, the ALJ failed to identify activities that undermine Dr. Hopfenbeck's opinion. The ALJ stated (AR 1292) that Plaintiff's ability to manage his self-care, prepare simple meals, play video games, pick up groceries he ordered online, and do laundry were inconsistent with "disabling social and adaptive deficits," but these limited activities (performed with some difficulty) do not suggest that Plaintiff retains social or adaptive abilities in excess of those described by Dr. Hopfenbeck. The ALJ also stated that Plaintiff's ability to interact "with friends [and] family" is inconsistent with disabling social deficits, but Plaintiff reported decreasing his circle of friends to none over the course of the adjudicated period (*see, e.g.*, AR

58-59, 477-84, 650-51, 862, 1118-19, 1182, 2792) and his interaction with family caused increased anxiety and irritation, as the ALJ himself noted (AR 1280).  Accordingly, the ALJ did not identify activities that are inconsistent with the limitations Dr. Hopfenbeck identified.

Because neither the ALJ's supportability finding nor his consistency finding is supported by substantial evidence in the record, the ALJ erred in assessing Dr. Hopfenbeck's opinion, for the second time.  Plaintiff requests that this error result in a finding of disability by this Court, and the Court finds that this remedy is appropriate under the circumstances of this case because there are no outstanding issues that must be resolved on remand before a finding of disability can be made.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014).  The ALJ cited much of the same evidence to discount Plaintiff's allegation of disabling mental limitations that he cited in finding Dr. Hopfenbeck's opinion unpersuasive, and that evidence fails to contradict Plaintiff's allegations in the same way that it fails to contradict Dr. Hopfenbeck's opinion.  *See* AR 1284-87.  That this Court previously found error in the ALJ's assessment of Dr. Hopfenbeck's opinion as well as Plaintiff's allegations (AR 1397-98) suggests that another remand for further proceedings would not serve a useful purpose, particularly because the adjudicated period is now remote and the record is not subject to further development on remand.  Although the State agency consultants reached the opposite conclusion of Dr. Hopfenbeck (indicating that Plaintiff is not disabled), they did not have access to most of the records available at this time, which limits their perspective on Plaintiff's functioning.

The Court's review of the record as a whole does not raise serious doubt as to whether Plaintiff is disabled, and if the opinion of Dr. Hopfenbeck, as well as Plaintiff's testimony, is credited, a finding of disability follows.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).  Because the Court is satisfied that all of the parts of the test for crediting evidence as

true have been satisfied here (*id*.), the Court exercises its discretion to remand for a finding of disability at this time.

In light of the Court's finding that a finding of disability is appropriate based on the ALJ's error in assessing Dr. Hopfenbeck's opinion, and the ALJ's related error in discounting Plaintiff's testimony, the Court need not address Plaintiff's contentions that the ALJ erred in assessing evidence that supports his claim for benefits.

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability under sentence four of 42 U.S.C. § 405(g).

Dated this 6th day of March, 2023.

S. KATE VAUGHAN
United States Magistrate Judge